### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

SHEILA H. GILL,                               :
                                              :
                    Plaintiff,                :         Civil Action No.:       12-00081 (RC)
                                              :
          v.                                  :         Re Document No.:        3
                                              :
THE DISTRICT OF COLUMBIA,                     :
                                              :
                    Defendant.                :

### MEMORANDUM OPINION

#### GRANTING THE DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

This matter comes before the court on the defendant's motion to dismiss, or in the alternative, for summary judgment.  The plaintiff is a former District of Columbia Public Schools ("DCPS") counselor and educator who was dismissed from her employment pursuant to a reduction in force ("RIF").  She now brings suit against DCPS, alleging retaliation and discrimination on the basis of race and gender, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*  The plaintiff also alleges age-based discrimination, in contravention of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 (a), (f).  The defendant moves to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), asserting that they are time-barred. For the reasons discussed below, the court grants the defendant's motion and dismisses the plaintiff's claims.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiff is a 57-year-old woman who worked for five years as a tenured DCPS employee at McKinley Technology High School.  Compl. at 2.  The plaintiff alleges that before September of

2008, she participated in several unsuccessful conferences with the school principal about "procedures . . . to be followed" with respect to certain positions at the school. *Id.* at 6. The plaintiff then purportedly sent the former DCPS Chancellor a letter seeking clarification about the principal's duties regarding such procedures. *Id.* Before she sent the letter, the plaintiff asserts, the principal had always expressed that he was pleased with her performance. *Id.* at 3. Afterwards, however, the principal allegedly treated her like a "second class citizen," including watching her more closely than he did other employees, reprimanding her twice for being ten minutes late to work, and giving at least one other employee "special favors," such as allowing her to leave early to attend a graduate course. *Id.* at 6.

In November of 2009, the plaintiff states, the former DCPS Chancellor ordered an RIF "under the guise" of a budget deficit. *Id.* at 3. The plaintiff contends that even as DCPS announced that there was a deficit, it continued to hire replacement educators and counselors. *Id.* During this time, the plaintiff states, she was "involuntarily retired" and replaced by two minority counselors who were both under the age of 40. *Id.* at 2–3.

The plaintiff then filed a charge with the Equal Employment Opportunity Commission ("EEOC"), which issued a right-to-sue letter to her on October 14, 2011. Pl.'s Opp'n at 1. She indicates that she received the letter on October 19, 2011. *Id.* On January 19, 2012, the plaintiff brought suit against DCPS in this court, alleging retaliation and discrimination on the basis of her race, gender, and age. *See generally* Compl. The plaintiff seeks ten million dollars in compensatory damages, and five million dollars in punitive damages. *Id.* at 4. In response, the defendant has filed a motion to dismiss, or in the alternative, for summary judgment. *See generally* Def.'s Mot. According to the defendant, the plaintiff's claims are time-barred and she also fails to state any plausible claim for relief. *Id.* The court now turns to the parties' arguments and the applicable legal standards.

2

### III.  ANALYSIS

#### A.  Legal Standard for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The motion does not test a plaintiff's ultimate likelihood of success on the merits, but rather, whether a plaintiff has properly stated a claim.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  The complaint is only required to set forth a short and plain statement of the claim, in order to give the defendant fair notice of the claim and the grounds upon which it rests.  *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A court considering this type of motion presumes the factual allegations of the complaint to be true and construes them liberally in the plaintiff's favor.  *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).  It is not necessary for the plaintiff to plead all elements of her prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14 (2002), or to plead law or match facts to every element of a legal theory, *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal citations omitted).  Nonetheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007).  A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (citing *Twombly*, 550 U.S. at 556).

The court need not accept as true inferences unsupported by facts set out in the complaint or

3

legal conclusions cast as factual allegations.  *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## B.  Legal Standard for a Rule 56 Motion for Summary Judgment

Because the court will rely on documents outside of the pleadings, the defendant's 12(b)(6) motion must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56.  *Colbert v. Potter*, 471 F.3d 158, 164 (D.C. Cir. 2006); Fed. R. Civ. P. 12(d).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  A "genuine dispute" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action.  *Celotex*, 477 U.S. at 322; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To determine which facts are "material," a court must look to the substantive law on which each claim rests.  *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true.  *Id.* at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.

### C.  Legal Standard for Timely Filing of Title VII and ADEA Claims

Upon receiving a right-to-sue letter from the EEOC, a plaintiff is allowed 90 days to file a Title

VII or ADEA action.  *See* 42 U.S.C. § 2000e–5(f)(1) (Title VII); 29 U.S.C. § 626(e) (ADEA).  Strict

adherence to this type of procedural framework is required, such that a suit brought even a few days

late will be dismissed.  *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151–52 (1984); *Woodruff*

*v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007).

Strict compliance with such procedural requirements guarantees fairness and "evenhanded

administration of the law."  *See Elhusseini v. Compass Grp. USA, Inc.*, 578 F. Supp. 2d 6, 17 (D.D.C.

2008) (citing *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).  Because the 90-day time period is

not a jurisdictional bar, but is instead a statute of limitations, it is subject to waiver, estoppel, and

equitable tolling challenges.  *Saltz v. Lehman*, 672 F.2d 207, 208 (D.C. Cir. 1982).

### D.  The Plaintiff's Claims Are Time-Barred[1]

The defendant asserts that the plaintiff's claims should be dismissed because she filed her

complaint outside of the requisite 90-day statutory period.  Def.'s Mot. at 5.  In response, the plaintiff

contends that her suit was timely filed because 90 days consists of "three 30 day months."  Pl.'s

Surreply at 2.  She also argues that the defendant does not allege how it would be prejudiced by a

delay, and that the statute should be equitably tolled.  *Id.*

As mentioned previously, a plaintiff must bring any Title VII or ADEA claims within 90 days

of receiving an EEOC right-to-sue letter.  42 U.S.C. § 2000e–5(f)(1) (Title VII); 29 U.S.C. § 626(e)

---

[1]     The plaintiff alleges that the court retains jurisdiction to hear her claims pursuant to Title VII, the
ADEA, and the Civil Rights Act of 1991 ("Section 1981"), 42 U.S.C. § 1981(a).  Compl. at 1.  The
Supreme Court has held, however, that 42 U.S.C. § 1983 ("Section 1983") provides the "exclusive
federal damages remedy for the violation of the rights guaranteed by [Section] 1981 when the claim is
pressed against a state actor."  *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989).  Because the
plaintiff has not alleged any claims under Section 1983, the court will regard the plaintiff's claims as
arising under only Title VII and the ADEA.

(ADEA).  This period begins the day after the letter is received, and then expires on the 90th day

thereafter.  *See* FED. R. CIV. P. 6(a)(1); *Akridge v. Gallaudet Univ.*, 729 F. Supp. 2d 172, 178 (D.D.C.

2010).  If the 90th day falls on a weekend or holiday, the statutory period ends on the following

business day.  FED. R. CIV. P. 6(a)(1).  In this case, the plaintiff states and provides documentation

from the post office indicating that she received the letter on October 19, 2011.[2]  Pl.'s Opp'n at 1, Ex.

B.  The statutory period thus began on the day following delivery, or October 20, 2011.  Contrary to

the plaintiff's assertions, the 90-day period requires "count[ing] every day," including "intermediate

Saturdays, Sundays, and legal holidays."  FED. R. CIV. P. 6(a)(1)(B).  The last day to file suit would

therefore have been 90 days later, or January 17, 2012.  The plaintiff filed this action on January 19,

though, 92 days after receiving the EEOC's right-to-sue letter.  *See generally* Compl.

      For reasons stated earlier, this Circuit requires strict adherence to the 90-day requirement, such

that actions brought even one day after the deadline will be dismissed.  *Woodruff*, 482 F.3d at 525;

*Smith v. Dalton*, 971 F. Supp. 1, 2–3 (D.D.C. 1997) (holding that the plaintiff's Title VII and ADEA

claims were barred because suit was filed 91 days after the final agency action).  Thus, because the

plaintiff filed this action two days after the statutory period to bring suit expired, her claims are time-

barred.  Her insistence that the defendant must demonstrate that it would be prejudiced by the delay is

incorrect because the "burden of pleading and proving any equitable excuse for failure to meet the

ninety-day filing limit falls wholly upon the plaintiff."  *McAlister v. Potter*, 733 F. Supp. 2d 134, 142

(D.D.C. 2010) (citing *Saltz*, 672 F.2d at 209).

---

[2]    When the delivery date is unknown, the court presumes that delivery occurred three or five days after the EEOC issued the right-to-sue letter.  *McAlister v. Potter*, 733 F. Supp. 2d 134, 143 (D.D.C. 2010).  Yet a plaintiff can rebut this presumption by "'sworn testimony or other admissible evidence' indicating the notice was received later."  *Id.* (citing *Williams v. First Gov't Mortg. & Investors Corp.*, 225 F.3d 738, 751 (D.C. Cir. 2000) *and Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996)).

The plaintiff also argues that the statute should be equitably tolled because she would suffer "irreparable harm." Pl.'s Surreply at 2.  This Circuit has cautioned that "[t]he court's equitable power to toll the statute of limitations [should] be exercised only in extraordinary and carefully circumscribed instances." *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988).  Courts may only allow tolling if "a claimant has received inadequate notice, [if] a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, [if] the court has led the plaintiff to believe that she has done everything required of her, [or if] affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Baldwin Cnty.*, 466 U.S. at 151.

Here, there is no motion for appointment of counsel pending.  Nor does the plaintiff allege that she received inadequate notice, that the court led her to believe that she had done everything required of her, or that the defendant misled her in any way.  *See generally* Pl.'s Mot.; Pl.'s Surreply.  She does assert that she would be "without a remedy" if the claim is dismissed, Pl.'s Surreply at 2, but in order for equitable tolling to apply, a plaintiff's excuse for the delayed filing should be "more than a garden variety claim of excusable neglect," *Battle v. Rubin*, 121 F. Supp. 2d 4, 8 (D.D.C. 2000).  Indeed, "no matter how slight the tardiness, a court is not at liberty to disregard the 90-day deadline out of a vague sympathy for any particular plaintiff." *Turner v. Afro-Am. Newspaper Co.*, 572 F. Supp. 2d 71, 73 (D.D.C. 2008) (citing *Baldwin Cnty.*, 466 U.S. at 152); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (stating that courts are less forgiving where late filings are due simply to a plaintiff's failure to exercise due diligence).  The plaintiff did not act to preserve her claim, and one who "fails to act diligently [in this regard] cannot invoke equitable principles to excuse that lack of diligence." *Baldwin Cnty.*, 466 U.S. at 151.  Thus, in the absence of any allegations that viably support equitable tolling, the plaintiff's Title VII and ADEA claims are time-barred and accordingly dismissed.

*See id.* (determining that because the plaintiff had not properly alleged any of the circumstances that allow equitable tolling, her claims had appropriately been dismissed).[3]

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to dismiss.  An order consistent with this Memorandum Opinion is issued this 3rd day of July, 2012.

RUDOLPH CONTRERAS
United States District Judge

---

[3]      Because the plaintiff's suit is considered untimely, the court need not reach the additional grounds by which the defendant seeks to dismiss the complaint.  But, in the alternative, the court holds that the plaintiff's retaliation claims fail because she does not allege that she engaged in any protected activity. Establishing a prima facie case of retaliation requires first showing that the plaintiff engaged in a statutorily protected activity.  *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-69 (2006); *see also Tomasello v. Rubin*, 167 F.3d 612, 619 (D.C. Cir. 1999) ("the test for determining retaliation under the ADEA and Title VII is identical").  A plaintiff has engaged in a protected activity if she has "opposed any practice made an unlawful employment practice" by Title VII or the ADEA.  *Gilbert v. Napolitano*, 670 F.3d 258, 262 (D.C. Cir. 2012).  Protected activity includes having made "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" on the basis of discrimination under these statutes.  *Jones v. Billington*, 12 F. Supp. 2d 1, 13 (D.D.C. 1997) (*aff'd without op.*, 1998 WL 389101 (D.C. Cir. 1998)); *see also Jones v. Bernanke*, 557 F.3d 670, 680 (D.C. Cir. 2009).  Here, the plaintiff asserts that she was retaliated against because she sent the former DCPS Chancellor a letter about the principal's duties, was a teachers' union board member, participated in the School Chapter Advisory Committee, and was the Local School Restructuring Team Chairperson. Compl. at 2, 6.  Participating in these activities does not constitute protected activity, however, because they do not involve opposing discrimination proscribed by Title VII or the ADEA.  Thus, even if the plaintiff has exhausted her administrative remedies for her retaliation claims, they are nonetheless still dismissed for failure to state a plausible claim for relief.